**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JEFFREY STEIN,                              *
                                            *
    Plaintiff,                          *
                                            *
v.                                          *        Civil Action No. 1:26-cv-02088 (APM)
                                            *
DEPARTMENT OF STATE,                        *
                                            *
    Defendant.                          *
                                            *
*    *    *    *    *    *    *    *    *    *    *    *    *

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

Plaintiff Jeffrey Stein brought this action against Defendant on 12 June 2026 and served it on the Government on 17 June. Defendant's Answer was due 17 July. On 14 July, Defendant's counsel contacted the undersigned to seek his consent for a 30-day extension of this deadline. Since this case pertained to a Freedom of Information Act ("FOIA") case which had been filed in 2024, without a single interim release in the meantime, the undersigned responded, "Before I can give a position on your motion I need to know what you will say. Are we getting a response soon to the request?" Instead of responding to this straightforward question by contacting Defendant and obtaining a status update on this two-year-old request, Defendant's counsel instead replied, "We're just asking to move the deadline so that we have sufficient time to verify the factual accuracy of our responses to the numbered paragraphs in your complaint. I can't say much about any responses to your FOIA request." In other words, he did not even bother to check with the agency, and instead chose to define an Answer, as though that is sufficient reason for an extension.

When Plaintiff declined to consent, in hopes that the motion would include some small justification for the need for an extension, Defendant again simply defined what an Answer is and stated that it needed more time to write one. Plaintiff has good cause to doubt if Defendant's counsel has even contacted the agency about this request. This Court should not blithely allow a party to effectively grant itself a 100% increase in its response time without *some* showing that it has done even the minimum amount of due diligence before coming to the Court and asking for more time.

The undersigned is aware of the workload currently faced by Defendant's counsel, and in normal circumstances he would consent to this extension out of professional courtesy. However, in this case, consent would be inappropriate, since: (a) neither the Department of State FOIA Office nor the Office of the Legal Adviser are suffering from workforce shortages; and (b) those offices are responsible for the majority of the work preparing an Answer in a FOIA case. Instead, Defendant is seeking to further delay its *first response* to Plaintiff's FOIA request, two years after the fact, by pretending that the Assistant U.S. Attorney who entered an appearance is the sole practitioner representing the agency. The age of the request and the unresponsiveness of Defendant's counsel to even the simplest question should weigh against granting this request.

Date: July 22, 2026

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*

2