**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JEFFREY STEIN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>Defendant. | Civil Action No. 26-02088 |

## ANSWER

Defendant Department of State ("Defendant" or "State"), by and through undersigned counsel, respectfully responds as follows to the separately numbered paragraphs and prayer for relief in Jeffrey Stein ("Stein") v. United States Department of State, ECF No. 1, in this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Any allegations not specifically admitted, denied, or otherwise responded to below are denied. To the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their complete and accurate contents, but such references are not intended to be, and should not be construed as, an admission that the cited materials are: (1) correctly cited or quoted by Plaintiff, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action.

## JURISDICTION

1. This paragraph contains conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction subject to the terms and limitations of the FOIA.

## VENUE

2. This paragraph contains conclusions of law regarding venue, to which no response is required. To the extent a response is required, Defendant admits that venue lies in this judicial district for a proper claim under FOIA.

**PARTIES**

3. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.
4. Defendant admits that it is a federal agency within the meaning of the FOIA. The remaining allegations in this paragraph consist of conclusions of law, to which no response is required.

**CAUSE OF ACTION**

**(CONSTRUCTIVE DENIAL – F-2024-18463)**

5. Defendant realleges and incorporates by reference all of the preceding paragraphs of this Answer as if fully stated herein.
6. To the extent the allegations in these paragraphs seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent Plaintiff cites to and references news articles, Defendant avers that the news articles are the best evidence of their contents and respectfully refers the Court to the news articles for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

7. To the extent the allegations in these paragraphs seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent Plaintiff cites to and references news articles, Defendant avers that the news articles are the best evidence of their contents and respectfully refers the Court to the news articles for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.
8. Defendant only admits that it received a FOIA request from Plaintiff on August 21, 2024. Defendant avers that the FOIA request is the best evidence of its contents and denies any allegations inconsistent therewith
9. Defendant only admits that Plaintiff requested classification as a representative of the news media and a public interest fee waiver. Defendant avers that the FOIA request is the best evidence of its contents and denies any allegations inconsistent therewith.
10. Defendant only admits that it acknowledged receipt of Plaintiff's FOIA request. Defendant avers that the correspondence is the best evidence of its contents and denies any allegations inconsistent therewith.
11. Defendant admits that State contacted Stein by email on September 20, 2024. Defendant avers that the correspondence is the best evidence of its contents and denies any allegations inconsistent therewith.

12. Defendant admits that Stein responded to State on September 20, 2024. Defendant avers that the correspondence is the best evidence of its contents and denies any allegations inconsistent therewith.

13. Defendant admits that it notified Stein on October 24, 2024 that the status of this request had changed. Defendant respectfully refers the Court to the email correspondence for a complete and accurate statement of its contents, and avers that the email correspondence is the best evidence of its contents.

14. Defendant admits that it advised on November 4, 2024 that it will make a determination on Plaintiff's fee waiver request at a later date. Defendant respectfully refers the Court to the email correspondence for a complete and accurate statement of its contents, and avers that the correspondence is the best evidence of its contents and denies any allegations inconsistent therewith.

15. Admitted. Defendant respectfully refers the Court to the email correspondence for a complete and accurate statement of its contents, and avers that the email correspondence is the best evidence of its contents.

16. Admitted. Defendant respectfully refers the Court to the email correspondence for a complete and accurate statement of its contents, and avers that the email correspondence is the best evidence of its contents.

17. Admitted. Defendant respectfully refers the Court to the email correspondence for a complete and accurate statement of its contents, and avers that the email correspondence is the best evidence of its contents.

18. Defendant admits that as of the date of filing of Plaintiff's Complaint it has not yet issued any interim releases in response to Stein's request.

19. Admitted.

20. The allegations in this paragraph consist of conclusions of law, to which no response is required. Defendant only admits that as of this filing it has not issued a final response to Plaintiff's FOIA request.

21. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

**PRAYER FOR RELIEF**

The remainder of the complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

**DEFENSES**

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

1. The complaint fails to state a claim upon which relief can be granted.
2. Defendant has not improperly withheld records requested by Plaintiff under FOIA.
3. Defendant's actions did not violate the FOIA or any other statutory or regulatory provision.
4. Plaintiff is not entitled to production of records protected from disclosure by one or more applicable exemptions the release of which would foreseeably harm an interest

that the exemption protects, or which are protected from disclosure by one or more applicable exclusions.

5. Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

6. The Court lacks subject-matter jurisdiction to award relief that exceeds that authorized by FOIA.

Dated: August 17, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *_______/s/ Fithawi Berhane_______*
FITHAWI BERHANE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6653

*Attorneys for the United States of America*